UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80089-CR-Dimitrouleas/snow
18 U.S.C. § 1014
18 U.S.C. § 2

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ULTHA DANIELLE ACCIME,

Defendant.
_____/

FILED by JM D.C.

JUN 23 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
### FALSE STATEMENTS ON A LOAN APPLICATION
### (18 U.S.C. § 1014)

On or about July 26, 2007, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**ULTHA DANIELLE ACCIME,**

knowingly made false statements for the purpose of influencing the actions of Bank of America, a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with an application or loan for $1,320,000.00, for the purchase of property located at 3586 Royalle Terrace, Wellington, Florida, in that the defendant caused to be stated on a Uniform Residential Loan Application, also known as a Fannie Mae 1003 Form, that she earned $32,500.00 per month from employment by Ablaze Entertainment, Inc.; that she was purchasing the property as her primary residence; that she possessed $747,000.00 in bank

deposits; and she did possess $346,242.00 to provide as cash at closing; when in truth and in fact, as the defendant well knew, she did not earn $32,500.00 per month; she was not employed by Ablaze Entertainment, Inc.; she did not intend to occupy the property as a primary residence; she did not possess $747,000.00 in bank deposits and she did not possess $346,242.00 to provide as cash at closing.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT TWO
## FALSE STATEMENTS ON A LOAN APPLICATION
### (18 U.S.C. § 1014)

On or about July 27, 2007, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant,

**ULTHA DANIELLE ACCIME,**

knowingly made false statements for the purpose of influencing the actions of JP Morgan Chase Bank, N.A., a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, in connection with an application or loan for $164,000.00, for the purchase of property located at 3586 Royalle Terrace, Wellington, Florida, in that the defendant caused to be stated on a Uniform Residential Loan Application, also known as a Fannie Mae 1003 Form, that she earned $38,500.00 per month from employment by Ablaze Entertainment, Inc.; that she was purchasing the property as her primary residence; that she possessed $747,000.00 in bank deposits; and that she had $170,681.75 to provide as cash at closing for the purchase of the property; when in truth and in fact, as the defendant well knew, she did not earn $38,500.00 per month; she was not employed by Ablaze Entertainment, Inc.; she did not intend to occupy the property as a primary residence; she did not possess $747,000.00 in bank deposits; and she did not have $170,681.75 to provide as cash at closing.

All in violation of Title 18, United States Code, Sections 1014 and 2.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

ULTHA DANIELLE ACCIME,

        Defendant.
_____/

CASE NO. 10-80089-CR-Dimitrouleas/Snow

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division**: (Select One)

- ___ Miami  ___ Key West
- ___ FTL    _X_ WPB    ___ FTP

New Defendant(s)  Yes ___  No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) __YES__
   List language and/or dialect __CREOLE__

4. This case will take __3__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days      _X_
   - II   6 to 10 days     ___
   - III  11 to 20 days    ___
   - IV   21 to 60 days    ___
   - V    61 days and over ___

   (Check only one)
   - Petty   ___
   - Minor   ___
   - Misdem. ___
   - Felony  _X_

6. Has this case been previously filed in this District Court? (Yes or No) __NO__
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) ___
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  __NO__

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _NO_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _NO_ No

_____
ELLEN COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** ULTHA DANIELLE ACCIME

**Case No:** _____

Counts #: 1 and 2

FALSE STATEMENTS TO A FEDERALLY INSURED FINANCIAL INSTITUTION

18 U.S.C. § 1014

**\* Max.Penalty:**   Not more than 30 years' imprisonment, $ 1,000,000 fine, or both. Five years supervised release

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.